By the Act of Assembly, passed in the year 1783, chap. 2, sec. 5, the land in question was included within the Indian boundaries, and reserved to the Cherokee nation; by the Act of 1778, chap. 2 sec. 5, all entries and surveys of land, which had been made or thereafter should be made within the Indian boundaries, were declared to be utterly void, and of no force or effect, and by the Act of 1778, chap. 2 sec. 5, all such entries and grants therein are declared utterly void. The plaintiff's entry was made within the Indian boundaries; consequently his entry and grant are both void, and therefore, he has no title to the premises in question.
Judgment for the defendant.
Cited: Strother v. Cathey, 5 N.C. 164; Stanmire v. Powell, 35 N.C. 315;Barnett v. Woods, 58 N.C. 433; Harris v. Norman, 96 N.C. 62; Brownv. Brown, 103 N.C. 216; Gilchrist v. Middleton, 107 N.C. 679; Brown v.Smathers, 188 N.C. 174.
NOTE. — See on the first point, Lunsford v. Bostion, 16 N.C. 483. See, also, act, 1 Rev. Stat., ch. 42, sec. 29, which validates such entries and grants under certain circumstances. *Page 478 
(564)